**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4611**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO ZAVALA-GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:16-cr-00157-GJH-1)

Submitted: May 11, 2017                           Decided: May 22, 2017

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Collin Francis Delaney, Special Assistant United States Attorney, Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Antonio Zavala-Garcia pled guilty pursuant to a plea agreement to one count of reentry of an alien deported after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). Zavala-Garcia was sentenced to eight months' imprisonment and three years' supervised release. His counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether the imposition of supervised release was procedurally reasonable. Zavala-Garcia was informed of the opportunity to file a pro se supplemental brief, but declined to do so. The Government did not file a brief. After a careful review of the record, we affirm.

We review a sentence's procedural and substantive reasonableness for an abuse of discretion. *United States v. Howard,* 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural error, such as improper calculation of the Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, *Howard,* 773 F.3d at 528, or failure to adequately explain the sentence, *Gall v. United States,* 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Howard,* 773 F.3d at 528 (internal quotation marks omitted). Sentences within or below a properly calculated Guidelines range are presumed substantively reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian,* 756 F.3d 295, 306 (4th Cir. 2014).

2

We conclude that the district court did not err in imposing a term of supervised release. The court was aware of U.S. Sentencing Guidelines Manual § 5D1.1(c) (2015), considered Zavala-Garcia's specific circumstances and the § 3553(a) sentencing factors, and found that there was a need for added deterrence and to protect the public from any of Zavala-Garcia's criminal conduct were he to reenter the United States after removal.

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Zavala-Garcia's conviction and sentence. This court requires that counsel inform Zavala-Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Zavala-Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Zavala-Garcia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*